Valentina KASNIKOVA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–2840–ag.

United States Court of Appeals, Second Circuit.

Jan. 12, 2007.

Mitchell C. Zwaik, Bohemia, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, M. Jocelyn Lopez Wright, Assistant Director, Office of Immigration Litigation, Kathryn L. Moore, Attorney, U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. CHESTER J. STRAUB, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Valentina Kasnikova, a native of the Union of Soviet Socialist Republics and citizen of Latvia, seeks review of a May 19, 2006 order of the BIA adopting and affirming immigration judge ("IJ") Robert Wiesel's December 8, 2004 decision denying Kasnikova's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and reversing the IJ's finding that Kasnikova had filed a frivolous application. *In re Valentina Kasnikova*, No. A95 148 962 (B.I.A. May 19, 2006), *aff'g* A95 148 962 (Immig. Ct. N.Y. City Dec. 8, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Substantial evidence in the record supports the IJ's adverse credibility determination. Kasnikova's claim for relief cen-

tered on four events of persecution on account of her Russian–Jewish heritage. She claimed to have been (1) shot in the leg by a neighbor; (2) pushed down the stairs during pregnancy by another neighbor; (3) raped by her boss; and (4) beaten by Latvian men. Kasnikova's hearing testimony contradicted her written personal statement in her asylum application. During her testimony, she asserted repeatedly that she was raped by her employer on January 14, 2000 [A. 93, 105], and in her application, she wrote that on the same date during the middle of the day two Latvian men forced their way into her home, drugged her, and vandalized her home. [JA 395] The IJ reasonably relied on this inconsistency to support his adverse credibility determination because it is a material inconsistency concerning one of the core assertions of Kasnikova's asylum claim. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308–09 (2d Cir.2003) (holding that adverse credibility determinations may be based on inconsistencies that "concern the basis for the claim" and not "matters collateral or ancillary to the claim"). Further, a reasonable adjudicator would not be compelled to credit Kasnikova's explanation that she made a mistake in her written statement due to her "inexperience." *See Zhou Yun Zhang*, 386 F.3d at 76 (holding that an applicant "must do more than offer a 'plausible' explanation for his inconsistent statements to secure relief; 'he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony' ").

Although "corroboration is not always required where the applicant's testimony is credible and detailed," Kasnikova's testimony was suspect. *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000). Thus, it was not unreasonable for the IJ to expect Kasnikova to offer some corroborative evidence for her claims—e.g. documentation of her Jewish heritage or an x-ray showing the bullet allegedly lodged in her foot. *See id.* at 289.

Nor does the BIA's reversal of the IJ's finding that Kasnikova filed a frivolous application implicate the IJ's basis for rejecting her testimony. The BIA held that the IJ's finding of frivolousness was unsupported by the requisite specific finding of the deliberate fabrication of a material element of the claim. Because the only evidence of a threat to Kasnikova's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal and CAT relief. *See Xue Hong Yang v. United States Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

Finally, Kasnikova is precluded from raising on appeal the IJ's allegedly unfair conduct of her hearing because she failed to raise this issue before the BIA. *See Foster v. INS*, 376 F.3d 75, 77–78 (2d Cir.2004).

We have considered the rest of Kasnikova's arguments and find them to be without merit. For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.